IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JONATHAN KELLY,

    Petitioner,

v.                                                         No. 24-cv-0642-KWR-GJF

ATTORNEY GENERAL FOR
THE STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Jonathan Kelly's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 1) (Petition). Kelly challenges his state convictions based on due process violations and ineffective assistance by counsel. Having reviewed the matter *sua sponte*, the Court concludes Kelly failed to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1)(A). Kelly must file a response showing cause, if any, why the Petition should not be dismissed.

### BACKGROUND

The background facts are taken from the Petition and Kelly's state criminal dockets, Case Nos. D-101-CR-2019-842 and A-1-CA-40273. The state criminal dockets are subject to judicial notice. *See Mitchell v. Dowling*, 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take judicial notice of the state docket).

In 2021, a state jury convicted Kelly of voluntary manslaughter. *See* Doc. 1 at 1. The state trial court sentenced him to six years of imprisonment, followed by two years of parole. *Id.*; *see also* Judgment and Sentence in D-101-CR-2019-842. Kelly filed a direct appeal with the New

Mexico Court of Appeals (NMCA).  *See* Doc. 1 at 2; Notice of Appeal in A-1-CA-40273.  The NMCA affirmed the conviction on January 25, 2024.  *See* Doc. 1 at 2; Memorandum Opinion in A-1-CA-40273.  Kelly did not seek certiorari review with the New Mexico Supreme Court (NMSC).  *See* Doc. 1 at 2; Docket Sheet in D-101-CR-2019-842.

Kelly filed the instant 28 U.S.C. § 2254 proceeding on June 24, 2024.  He argues he is not guilty of voluntary manslaughter; he was acting in self-defense; counsel provided ineffective assistance; and his arrest was illegal.  *See* Doc. 1 at 5-12.  Kelly filed a Motion to Proceed *In Forma Pauperis* (Doc. 2), which reflects he cannot afford to prepay the $5.00 habeas filing fee.  The Court will therefore grant that motion and conduct an initial review of the Petition under Habeas Corpus Rule 4.

## DISCUSSION

The Petition is governed by 28 U.S.C. § 2254 and Habeas Corpus Rule 4.  "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief ... the judge must dismiss the petition."  Habeas Corpus Rule 4.  "If the petition is not dismissed, the judge must order the respondent to file an answer...."  *Id.*  As part of the initial review process, the Court may examine whether the petitioner exhausted state remedies.  *See Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) ("A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254."); *United States v. Mitchell*, 518 F.3d 740, 746 (10th Cir. 2008) ("defenses unique to the habeas context such as exhaustion of state remedies ... may be raised by a court *sua sponte*").

"The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack."

*Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). In New Mexico, this means the petitioner must present each Section 2254 claim to the NMSC. A petitioner may present the claims to the NMSC through a direct appeal or by filing a state habeas petition and appealing any adverse habeas ruling to the NMSC. *See* NMRA Rule 5-802 (governing the procedure for filing a habeas petition in the state court); NMRA Rule 12-501 (permitting a direct appeal to the NMSC based on the denial of a state habeas petition by the trial court). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

  The Petition and state dockets clearly reflect that Kelly did present any claims to the NMSC. When asked if he sought review from a higher state court after the NMCA denied relief, Kelly checked the box in the Petition marked "no." *See* Doc. 1 at 2. Under each ground for relief, the Petition also specifies that Kelly did not raise the argument on direct appeal or through a state habeas petition. *Id.* at 5-10. The Secured Odyssey Public Access (SOPA) system, which tracks all New Mexico trial court and appellate filings, confirms the failure to exhaust. *See* https://securecourtcaseaccess.nmcourts.gov/. The SOPA system reflects that Kelly has not filed any appeal or certiorari proceeding in the NMSC.

  Construed liberally, the Petition may seek to overcome the exhaustion requirement by invoking the actual-innocence exception to a procedural bar. Kelly provides his own sworn testimony and state police reports, in which he states that he stabbed the victim in self-defense. *See* Doc. 1 at 15-49. Habeas petitioners can attempt to overcome a state procedural bar by showing that dismissing the claims without reviewing the merits would cause a miscarriage of

3

justice. *See Davila v. Davis*, 137 S. Ct. 2058, 2064 (2017). A procedural bar only exists, however, where the state court has rejected a claim on procedural grounds or where a claim "would be procedurally barred under state law if the petitioner returned to state court to exhaust it." *Anderson v. Sirmons*, 476 F.3d 1131, 1140 (10th Cir. 2007). Kelly can still exhaust his claims by filing a habeas petition in the state trial court and, if relief is denied, a certiorari petition with the NMSC. *See State v. Sutphin*, 164 P.3d 72, 76 (N.M. 2007) ("New Mexico does not impose a statute of limitations on habeas petitioners"). It therefore does not appear any procedural bar applies in this case. The relevant inquiry at this stage is whether returning to state court to exhaust the claims (*i.e.,* file a state habeas petition) would be futile.

Alternatively, even if a procedural bar does apply - such that it can be overcome by showing a miscarriage of justice - the Petition does not demonstrate that exception applies. To show a miscarriage of justice, "a petition [must] present[] evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Fontenot v. Crow*, 4 F.4th 982, 1031 (10th Cir. 2021) (internal quotations omitted). Petitioner's own statements that he acted in self-defense and theories regarding motive are not sufficient to establish actual innocence. *See McDaniel v. Cody*, 104 F.3d 367 (10th Cir. 1996) (rejecting actual-innocence claim based on petitioner's "own affidavit concerning what he believes certain witnesses would have said, had they been called at trial").

For these reasons, Kelly must show cause within thirty (30) days why his Petition should not be dismissed for failure to exhaust state remedies. The failure to timely respond and demonstrate that exhaustion is futile will result in dismissal of this action without further notice.

Such dismissal will be without prejudice, and Kelly may refile his § 2254 petition after he completes the exhaustion process. *See Gallagher v. Shelton*, 587 F.3d 1063, 1068 (10th Cir. 2009) ("Ordinarily, a dismissal based on a failure to exhaust … should be without prejudice").

**IT IS ORDERED** that Kelly's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **GRANTED**; and within thirty (30) days of entry of this ruling, Kelly must file a response showing cause, if any, why the Petition should not be dismissed for failure to exhaust state remedies.

**SO ORDERED**.

_____/S/_____
HON. KEA RIGGS
UNITED STATES DISTRICT JUDGE

5